**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------

A.G. and L.G., on behalf of N.G.,

                              Plaintiffs,

      --against--                          **COMPLAINT**
                                                        08 CV 01576

New York City Department of Health & Mental
    Hygiene,

                              Defendant.

---------------------------------------------------------------

      Plaintiffs A.G. and L.G., on behalf of N.G., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York City Department of Health & Mental Hygiene, allege and state the following:

      1. Plaintiff N.G. is (now) a three-year-old boy diagnosed with an autism spectrum disorder. At all relevant times, N.G. was a student eligible for early intervention ("EI") services (sometimes referred to as "birth to three") pursuant to PHL § 2540, *et. seq.*,

      2. Plaintiffs reside within New York City, in Manhattan, and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400 *et. seq.*, and the pertinent implementing regulations promulgated under the Code of Federal Regulations, as well as the New York State Education Law and its implementing regulations.

      3. Although well known to defendant, plaintiffs are not expressly identified herein by their given names or address, nor further identified because of the privacy guarantees provided in the

IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. 1232(g) and 34 C.F.R. 99 ( "FERPA").

4. Upon information and belief, the New York City Department of Health & Mental Hygiene ("DHMH") is responsible for the operation and management the New York City Early Intervention Program ("EIP"). Both procedurally and substantively, the DHMH was and still is statutorily obligated under the IDEIA, as well as the laws of the State of New York, "to provide early intervention services for infants and toddlers with disabilities and their families." Defendant is thus legally responsible to N.G. and his parents to ensure procedural and substantive compliance with the IDEIA and New York's implementing regulations.

5. This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the "Individuals with Disabilities Education Improvement Act" ("IDEIA"), and in particular, 20 U.S.C. § 1439(a)(1), in order to seek review and reversal of the January 16, 2008 Decision of Kimberly A. O'Brien, Esq., Administrative Law Judge ("ALJ").[1] This action is being brought in an effort to secure procedural and substantive due process entitlements, as well as declaratory and reimbursement relief that was denied to plaintiffs pursuant to the ALJ's Decision.

6. This action also seeks adjudication of Prongs II and III of the Burlington/Carter test for reimbursement as the ALJ failed to address and adjudicate such issues.

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2)(A) and 1439(a)(1), 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant all reside or are situated within this district.

---

[1] A copy of ALJ's Decision has been annexed hereto as Exhibit A.

8. The underlying administrative "due process" proceeding was brought by plaintiffs pursuant to the IDEIA to secure declaratory and reimbursement relief during the 2006-2007 school year upon proper notice duly given by plaintiffs.

9. N.G. was born on December 29, 2004. N.G. is currently a three-year-old boy diagnosed with an autism spectrum disorder.

10. On or about October 2006, N.G. was evaluated by the EIP's evaluators and found eligible for the EIP. A meeting was scheduled for November 13, 2006 to develop N.G.'s Individualized Family Services Plan ("IFSP"). Plaintiffs, N.G.'s parents, also secured independent evaluations from Dr. Christopher Lucas and Dr. Cecelia McCarton that provided specific recommendations for the level and frequency of services for N.G.

11. There is compelling evidence in the record that defendant impermissibly predetermined N.G.'s services and service levels, without due regard for and genuine consideration of the independent evaluations secured from Dr. Lucas and Dr. McCarton. Defendant also apparently followed internal policies and limitations that precluded the genuine individualization of N.G.'s IFSP.

12. In view of Deal v. Hamilton County Board of Educ., 392 F.3d 840 (6th Cir. 2004), *r'hrg and r'hrg en banc denied*, 2005 U.S. App. LEXIS 5631 (6th Cir. 2005), *cert. denied*, 546 U.S. 936 (2005), and Winkelman v. Parma City School Dist., 127 S.Ct. 1994 (2007), N.G.'s parents were also deprived of meaningful participation at N.G.'s IFSP meeting to recommend services and service levels.

13. On the last day of a six-day hearing, the ALJ accepted documentary evidence from defendant reflecting an ostensible "log" of telephone contact and other communication with N.G.'s parents and others. The personnel who wrote in the log were not called to testify.

Plaintiffs' counsel waived any "five day" authentication or other procedural objections to such evidence being admitted believing, in good faith, that plaintiffs would have an opportunity to provide rebuttal testimony.

14. Although the ALJ applied a relaxed evidentiary standard to accept defendant's "log," the ALJ then arbitrarily and improperly refused plaintiffs' request for an opportunity to present any rebuttal testimony with respect to the new evidence represented by defendant's "log."

15. The ALJ also unduly restricted plaintiffs' counsel in cross-examining defendant's witnesses. Even though impartial hearings are supposed to be subjected to a more relaxed evidentiary standard, the ALJ ordered plaintiffs' counsel not to use leading questions on cross-examination as of that were an accepted limitation on questioning. Even in the most formal evidentiary settings, the Federal Rules of Evidence would permit the use of leading questions on cross-examination.

16. Upon information and belief, the ALJ was biased, not impartial, had already made up her mind, and did not appreciate the applicable legal standards. Such bias and partiality only revealed itself on the last day of hearing.

17. On or about January 16, 2008, ALJ O'Brien rendered her decision. As to plaintiffs' reimbursement claim for the 2006-2007 school year, ALJ O'Brien erroneously held, as a matter of law, that N.G.'s IFSP was procedurally and substantively appropriate and that N.G.'s parents "should not be compensated for any services they have obtained for N.G." (Decision, p. 11).

18. The ALJ's mere *sixteen* "Findings of Fact" are conclusory and generic and they do not even begin to scratch the surface of a six-day evidentiary record.

19. The ALJ erroneously failed to find, as a matter of law, that there had been impermissible predetermination.

20. The ALJ erroneously failed, as a matter of law, to find that defendant failed to meaningfully include N.G.'s parents and independent evaluations in the IFSP development process.

21. The ALJ erroneously failed to find, as a matter of law, that the DHMH improperly developed service levels that were the product of policy and custom, rather than genuine individualization based on N.G.'s unique needs.

22. The ALJ applied erroneous legal standards and/or ignored the applicable legal standards.

23. The ALJ even violated the standards set forth in New York State's "Manual for Administrative Law Judges and Hearing Officers."

WHEREFORE, it is respectfully submitted that, after the consideration of "additional evidence" expressly allowed by the IDEIA to complete the record, this Court, upon its modified *de novo* review, should:

   a. Reverse the ALJ's Decision;

   b. Adjudicate the Prong II and Prong III issues that the ALJ failed to adjudicate;

   c. Order that the DHMH reimburse N.G. and his parents, as previously requested, for appropriate intervention and support services obtained for N.G.'s benefit during the 2006-2007 school year;

   d. Declare N.G. and his parents to be the "substantially prevailing party" and grant leave to plaintiffs to submit a statutory fee application; and

   e. Accord plaintiffs such other, further and different relief as may be just under the circumstances.

Dated: February 15, 2008  *s/ Gary S. Mayerson*
     New York, New York  Gary S. Mayerson (GSM 8413)
                                                Mayerson & Associates
                                                Attorneys for Plaintiffs
                                                330 West 38th Street, Suite 600
                                                New York, New York 10018
                                                (212) 265-7200
                                                (212) 265-1735 (facsimile)