UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

A.G. and L.G., on behalf of N.G.,

Plaintiffs, 08-Civ.-01576 (LAK)(HBP)

-against- **ANSWER**

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE,

Defendant.

---------------------------------------------------------------------- x

Defendant, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (DHMH), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated February 15, 2008, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that N.G. is a minor child, that on information and belief has been diagnosed with autism spectrum disorder, and has been provided services through DHMH's early intervention program. Defendant respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

2. Denies the allegations set forth in paragraph "2" of the Complaint and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents, except denies knowledge or information sufficient to form a belief as to the truth of the allegations referring to plaintiff's residency as set forth therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to proceed as described therein and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of their provisions.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that the DHMH is a local health agency in the City of New York, and that N.G. is a minor child provided services through DHMH's early intervention program, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court and to lay venue in this judicial district as alleged therein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its provisions.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiffs commenced an administrative proceeding and respectfully refers the Court to the plaintiffs' demand for a complete statement of the relief sought therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits, on information

and belief, that N.G. is a minor child who has been diagnosed with autism spectrum disorder.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint, except admits that N.G. is a minor child provided services, including an Individualized Family Services Plan, through DHMH's early intervention program.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their holdings.

13. Admits the allegations set forth in paragraph "13" of the Complaint, except denies knowledge or information sufficient to form a belief regarding plaintiffs' counsel's expectations or beliefs regarding such evidence.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that on January 16, 2008 a decision was issued by Administrative Law Judge Kimberly A. O'Brien, Esq. and respectfully refers the Court to that decision for a complete and accurate statement of its contents.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

24. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

25. Plaintiffs have failed to meet their burden under the applicable law to demonstrate that the program selected by the DHMH was inappropriate.

**THIRD AFFIRMATIVE DEFENSE:**

26. The equities do not favor the plaintiff in this matter.

**FOURTH AFFIRMATIVE DEFENSE:**

27. Plaintiff has failed to meet her burden under the applicable law to demonstrate that the program selected by the plaintiff was appropriate.

**FIFTH AFFIRMATIVE DEFENSE:**

28. At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith.

**SIXTH AFFIRMATIVE DEFENSE:**

29. Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 7, 2008

Michael A. Cardozo
Corporation Counsel of the
City of New York
Attorney for Defendant New York City Department of Health & Mental Hygiene
100 Church Street, Room 2-164
New York, New York 10007
212-788-0874

By: ______________________
Chevon Andre Brooks (CB 1616)
Assistant Corporation Counsel

To: Gary S. Mayerson, Esq.
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(via ECF)