UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

A.G. and L.G., on behalf of N.G.,

                               Plaintiffs,

- against -                                        08 Civ. 1576 (LAK)

NEW YORK CITY DEPARTMENT OF HEALTH
& MENTAL HYGIENE,

                               Defendant.

-----------------------------------------------------------

### AFFIDAVIT OF GARY S. MAYERSON[1]

STATE OF VERMONT    )
COUNTY OF BENNINGTON)

GARY S. MAYERSON, being duly sworn, deposes and says:

1.    My law firm, Mayerson & Associates, represents the plaintiffs in this appeal action, which is being maintained pursuant to 20 U.S.C. § 1415, et. seq., (the "IDEIA statute"). I also served as plaintiffs' counsel during the underlying administrative proceedings. As alleged in the Complaint, plaintiffs are appealing from the underlying decision of the Administrative Law Judge.

2.    I respectfully submit this affidavit in response to this Court's April 15, 2008 Order directing plaintiffs to show cause why an order should not be entered (a) directing plaintiffs to amend the caption so as to set forth the names of all of the parties in accordance with Fed. R. Civ. P. 10(a) and 10(b) dismissing the action as against the New York City Department of Health and Mental Hygiene.

---

[1] I am in Vermont with my family on vacation and faxing and fedexing my affidavit this afternoon, with the expectation that it will be filed with the court by tomorrow, as this Court had directed.

### THE COMPLAINT AND THE CAPTION SHOULD BE AMENDED TO REFLECT THE PROPER SUABLE DEFENDANTS

3. On reflection, this Court is correct that the Complaint and the caption should be amended (pursuant to Fed. R. Civ. P. 15) to reflect the correct name(s) of the suable defendants.[2] The underlying due process challenge involved a then two-year-old boy with autism who had been offered "Early Intervention" services from the New York City Department of Health and Mental Hygiene, the administrating entity in New York City that administers and implements "Early Intervention" services otherwise promulgated in New York State through the New York State Department of Health.[3]

4. Richard F. Daines, M.D. is the Commissioner of the New York State Department of Health, the state agency that oversees the provision of early intervention services throughout New York State. This child's Individual Family Services Plan ("IFSP") was offered to plaintiffs by the New York City Department of Health and Mental Hygiene.

5. My office made further inquiry with Jane Galante, who is employed by the New York City Department of Health and Mental Hygiene. Ms. Galante advised that Thomas R. Frieden is the Commissioner of that entity, and that it would be sufficient and appropriate if Thomas R. Frieden were sued in his representative capacity as Commissioner.

6. Accordingly, pursuant to Fed. R. Civ. P. 15, plaintiffs request leave to amend the caption of the Summons and Complaint so that the names of the suable defendants would now read as follows:

> "Richard F. Daines, M.D., as Commissioner of the State of New York Department of Health, and Thomas R. Frieden, as Commissioner of the New York City Department of Health and Mental Hygiene"

---

[2] Upon information and belief, we are here addressing issues raised solely by this Court, as the parties, through counsel, had jointly developed and submitted a pretrial order not raising any pleading or party issues.
[3] In the underlying administrative proceeding, counsel for defendant had identified herself throughout as counsel for the New York City Department of Health & Mental Hygiene—Early Intervention Program.

2

7.     Plaintiffs, of course, acknowledge herein that Commissioners Daines and Frieden would be named in this action solely in their representative capacity. If, as anticipated, this Court agrees that it would be proper to amend as plaintiffs are now requesting, plaintiffs would request 15 days from the date of this Court's order to serve and file an amended Summons and Complaint reflecting the foregoing, or any other similar configuration that this Court may deem to be appropriate.

### THE FAMILY AND PERSONAL PRIVACY CONCERNS THAT WE ARE ASKING THIS COURT TO CONTINUE TO OBSERVE

8.     Plaintiff N.G. is (now) a three-year-old boy with autism.[4] We respectfully submit that there are serious and genuine privacy concerns in this case, and other differences, that easily distinguish the facts presented here from those before this Court in S.R. et. al. v. Board of Educ., 2008 U.S. Dist. LEXIS 18442, 2008 WL 538447 (S.D.N.Y. Feb. 25, 2008).

9.     As this Court noted, S.R. was an action to recover attorneys' fees on behalf of parties claiming to have achieved "prevailing party" status. While that action certainly would have involved a review of attorney time detail and the like, this Court observed that "plaintiffs are not challenging government activity...[and] the litigation of these matters would not appear to involve disclosure of any intimate facts." Moreover, this Court characterized as "cavalier" citations by plaintiffs to certain statutory authorities that apparently were improperly cited, or did not exist. Accordingly, in S.R., this Court was not able to find or discern any of the factors that would warrant an exception to the general rule (Fed. R. Civ. P. 10(a)) that every pleading must have a caption that "must name all the parties."

---

[4] With few exceptions, my entire law practice involves the representation of children diagnosed with autism. I left a lucrative Manhattan law partnership in 2000 to form this practice after a family member was diagnosed with autism. In addition to the work I am involved with for our client families, I also serve as the Director of the Autism Speaks Federal Legal Appeal Project, a *pro bono* appeal initiative at the national level. With the NIH and CDC reporting that 1 in 150 children being born today will be diagnosed with autism, we are in the midst of an epidemic and that epidemic, unfortunately, is causing a strain on resources at every level.

10. The case at bar, in stark contrast, is not an action for attorneys' fees. It would be premature for plaintiffs to litigate that issue because plaintiffs lost below, and plaintiffs have not yet achieved "prevailing party" status. Significantly, however, plaintiffs are challenging government activity. On this appeal, as in the administrative hearing below, plaintiffs challenged the development of their son's IFSP by the New York City Department of Health and Mental Hygiene as inadequate, and worse, as impermissibly "predetermined." See Complaint annexed hereto as Exhibit A.

11. In the case at bar, as part of this Court's modified *de novo* review of the entire evidentiary record, this Court will be examining private details concerning this child's aberrant behaviors as a toddler diagnosed with autism, and his parents' struggles to manage those behaviors and educate their son, all of which would constitute "information of the utmost intimacy." Plaintiffs' administrative hearing was a hearing that was closed to the public, pursuant to longstanding regulations. The decision being appealed from is preserved as a private filing that is not available to the public. On this appeal, it is plaintiffs' wish to continue to preserve their family privacy, as their actual names are already known to defendant and its counsel, and plaintiffs certainly would identify themselves to this Court *in camera*, or under seal.

12. This Court will note that the Second Circuit has recognized and honored family privacy in prior rulings. See, e.g., Frank G. v. Bd. of Educ., 459 F.3d 356, 212 Ed. Law Rep. 35 (2d Cir. 2006), cert. denied, Board of Educ. v. Frank, G., 128 S.Ct. 436, 169 L.Ed.2d 325 (2007); Mrs. B. v. Milford Bd. of Educ., 103 F.3d 1114, 115 Ed. Law Rep. 324 (2d Cir. 1997). Where privacy has been invoked, the Supreme Court has also respected the family's request. See, e.g., Cedar Rapids Cmty. Sch. Dist. v. Garret F. by Charlene F., 526 U.S. 66; 119 S. Ct. 992 (1999).[5]

---

[5] Ironically, we were recently directed to attend a court conference in the Southern District of New York where the district court judge (properly) *chastised* us for inadvertently leaving in identifying information in an exhibit that had

These kinds of situations are to be distinguished from cases such as <u>Bd. of Educ. v. Tom F. ex rel. Gilbert F.</u>, 128 S. Ct. 1, 169 L. Ed. 2d 1 (2007), where the plaintiff (Tom Freston) is well known to the public because had made public pronouncements about his child's case in the media during press conferences and the like. In that kind of situation, the family arguably becomes estopped to invoke a "privacy" type exception to the requirements of Fed. R. Civ. P. 10(a).

13. In addition to the judicially recognized factors present here that would warrant recognizing an exception to the pleading requirements of Fed. R. Civ. P. 10(a), we respectfully call this Court's attention to regulations that, we submit, show that Congress intended to preserve plaintiff confidentiality where, as here, the plaintiff is challenging governmental activity in the provision of educational services, and the government's underlying decision-making process.

14. We specifically call the Court's attention to 34 C.F.R. § 300.513(d), which mandates that a public agency must *remove* personally identifying information before making hearing findings and decisions available to the public. We also call this Court's attention to 34 C.F.R. § 300.32 which defines "personally identifying" information as including the name of the child, the name of the child's parents, or their address. To the extent that Congress has mandated that personally identifying information be deleted from administrative hearing level decisions before they are made public, it would contravene and, in fact, eviscerate that federal regulatory protection if such confidentiality would then be "outed" in connection with a subsequent federal appeal action.

15. On behalf of the plaintiffs, a private family who wants to continue to maintain their privacy, we are asking this Court to recognize an exception to the usual pleading

---

been filed with the Court. We thanked the court for pointing this error out to us, and we promptly corrected the filing error so as to maintain confidentiality.

requirements of Fed. R. Civ. P. 10(a), under the facts of this case that *do* include a challenge to governmental action, as well as a review of an evidentiary record that necessarily will include matters of an intimate and private nature. Plaintiffs started these proceedings with the protection of confidentiality, and they wish to maintain such confidentiality.

16. Neither defendant nor its counsel have expressed any intention or desire to contravene plaintiffs' confidentiality. Accordingly, in the alternative, plaintiffs would be prepared to stipulate with defendant to proceed "under seal." We certainly have no issue with identifying plaintiffs to this Court *in camera*.

17. If, for any reason, this Court does not grant plaintiffs' request to maintain confidentiality or to proceed under seal, we would request that this Court direct compliance within 15 days, so that plaintiffs would have a meaningful opportunity to decide whether or not they are prepared to expose their personal privacy as the price of proceeding further.

Gary S. Mayerson (GSM 8413)

Sworn to before me this
24 day of April, 2008.

Notary Public

WILLIAM J. MARIANO
Notary Public, Vermont
My Commission Expires February 10, 2011



6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

A.G. and L.G., on behalf of N.G.,

                                 Plaintiffs,

      --against--                               **COMPLAINT**
                                                      08 CV 01576

New York City Department of Health & Mental
   Hygiene,

                                 Defendant.

---------------------------------------------------------------

      Plaintiffs A.G. and L.G., on behalf of N.G., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant, the New York City Department of Health & Mental Hygiene, allege and state the following:

    1. Plaintiff N.G. is (now) a three-year-old boy diagnosed with an autism spectrum disorder. At all relevant times, N.G. was a student eligible for early intervention ("EI") services (sometimes referred to as "birth to three") pursuant to PHL § 2540, *et. seq.*,

    2. Plaintiffs reside within New York City, in Manhattan, and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400 *et. seq.*, and the pertinent implementing regulations promulgated under the Code of Federal Regulations, as well as the New York State Education Law and its implementing regulations.

    3. Although well known to defendant, plaintiffs are not expressly identified herein by their given names or address, nor further identified because of the privacy guarantees provided in the

IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. 1232(g) and 34 C.F.R. 99 ( "FERPA").

4.  Upon information and belief, the New York City Department of Health & Mental Hygiene ("DHMH") is responsible for the operation and management the New York City Early Intervention Program ("EIP").  Both procedurally and substantively, the DHMH was and still is statutorily obligated under the IDEIA, as well as the laws of the State of New York, "to provide early intervention services for infants and toddlers with disabilities and their families." Defendant is thus legally responsible to N.G. and his parents to ensure procedural and substantive compliance with the IDEIA and New York's implementing regulations.

5.  This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the "Individuals with Disabilities Education Improvement Act" ("IDEIA"), and in particular, 20 U.S.C. § 1439(a)(1), in order to seek review and reversal of the January 16, 2008 Decision of Kimberly A. O'Brien, Esq., Administrative Law Judge ("ALJ").[1]  This action is being brought in an effort to secure procedural and substantive due process entitlements, as well as declaratory and reimbursement relief that was denied to plaintiffs pursuant to the ALJ's Decision.

6.  This action also seeks adjudication of Prongs II and III of the Burlington/Carter test for reimbursement as the ALJ failed to address and adjudicate such issues.

7.  This Court, pursuant to 20 U.S.C. §§ 1415(i)(2)(A) and 1439(a)(1), 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy.  Venue is proper in that plaintiffs and defendant all reside or are situated within this district.

---

[1] A copy of ALJ's Decision has been annexed hereto as Exhibit A.

8. The underlying administrative "due process" proceeding was brought by plaintiffs pursuant to the IDEIA to secure declaratory and reimbursement relief during the 2006-2007 school year upon proper notice duly given by plaintiffs.

9. N.G. was born on December 29, 2004. N.G. is currently a three-year-old boy diagnosed with an autism spectrum disorder.

10. On or about October 2006, N.G. was evaluated by the EIP's evaluators and found eligible for the EIP. A meeting was scheduled for November 13, 2006 to develop N.G.'s Individualized Family Services Plan ("IFSP"). Plaintiffs, N.G.'s parents, also secured independent evaluations from Dr. Christopher Lucas and Dr. Cecelia McCarton that provided specific recommendations for the level and frequency of services for N.G.

11. There is compelling evidence in the record that defendant impermissibly predetermined N.G.'s services and service levels, without due regard for and genuine consideration of the independent evaluations secured from Dr. Lucas and Dr. McCarton. Defendant also apparently followed internal policies and limitations that precluded the genuine individualization of N.G.'s IFSP.

12. In view of Deal v. Hamilton County Board of Educ., 392 F.3d 840 (6th Cir. 2004), *r'hrg and r'hrg en banc denied*, 2005 U.S. App. LEXIS 5631 (6th Cir. 2005), *cert. denied*, 546 U.S. 936 (2005), and Winkelman v. Parma City School Dist., 127 S.Ct. 1994 (2007), N.G.'s parents were also deprived of meaningful participation at N.G.'s IFSP meeting to recommend services and service levels.

13. On the last day of a six-day hearing, the ALJ accepted documentary evidence from defendant reflecting an ostensible "log" of telephone contact and other communication with N.G.'s parents and others. The personnel who wrote in the log were not called to testify.

Plaintiffs' counsel waived any "five day" authentication or other procedural objections to such evidence being admitted believing, in good faith, that plaintiffs would have an opportunity to provide rebuttal testimony.

14. Although the ALJ applied a relaxed evidentiary standard to accept defendant's "log," the ALJ then arbitrarily and improperly refused plaintiffs' request for an opportunity to present any rebuttal testimony with respect to the new evidence represented by defendant's "log."

15. The ALJ also unduly restricted plaintiffs' counsel in cross-examining defendant's witnesses. Even though impartial hearings are supposed to be subjected to a more relaxed evidentiary standard, the ALJ ordered plaintiffs' counsel not to use leading questions on cross-examination as of that were an accepted limitation on questioning. Even in the most formal evidentiary settings, the Federal Rules of Evidence would permit the use of leading questions on cross-examination.

16. Upon information and belief, the ALJ was biased, not impartial, had already made up her mind, and did not appreciate the applicable legal standards. Such bias and partiality only revealed itself on the last day of hearing.

17. On or about January 16, 2008, ALJ O'Brien rendered her decision. As to plaintiffs' reimbursement claim for the 2006-2007 school year, ALJ O'Brien erroneously held, as a matter of law, that N.G.'s IFSP was procedurally and substantively appropriate and that N.G.'s parents "should not be compensated for any services they have obtained for N.G." (Decision, p. 11).

18. The ALJ's mere *sixteen* "Findings of Fact" are conclusory and generic and they do not even begin to scratch the surface of a six-day evidentiary record.

19. The ALJ erroneously failed to find, as a matter of law, that there had been impermissible predetermination.

20. The ALJ erroneously failed, as a matter of law, to find that defendant failed to meaningfully include N.G.'s parents and independent evaluations in the IFSP development process.

21. The ALJ erroneously failed to find, as a matter of law, that the DHMH improperly developed service levels that were the product of policy and custom, rather than genuine individualization based on N.G.'s unique needs.

22. The ALJ applied erroneous legal standards and/or ignored the applicable legal standards.

23. The ALJ even violated the standards set forth in New York State's "Manual for Administrative Law Judges and Hearing Officers."

WHEREFORE, it is respectfully submitted that, after the consideration of "additional evidence" expressly allowed by the IDEIA to complete the record, this Court, upon its modified *de novo* review, should:

a. Reverse the ALJ's Decision;

b. Adjudicate the Prong II and Prong III issues that the ALJ failed to adjudicate;

c. Order that the DHMH reimburse N.G. and his parents, as previously requested, for appropriate intervention and support services obtained for N.G.'s benefit during the 2006-2007 school year;

d. Declare N.G. and his parents to be the "substantially prevailing party" and grant leave to plaintiffs to submit a statutory fee application; and

e. Accord plaintiffs such other, further and different relief as may be just under the circumstances.

Dated: February 15, 2008       *s/ Gary S. Mayerson*
   New York, New York     Gary S. Mayerson (GSM 8413)
                 Mayerson & Associates
                 Attorneys for Plaintiffs
                 330 West 38th Street, Suite 600
                 New York, New York 10018
                 (212) 265-7200
                 (212) 265-1735 (facsimile)