UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
A.G. and L.G., on behalf of N.G.,

                              Plaintiffs,

              -against-

Richard F. Daines, as Commissioner of the New York
State Department of Health, and Thomas R. Frieden, as
Commissioner of the New York City Department of Health
& Mental Hygiene,

                              Defendants.
------------------------------------------------------------------------ x

**DECLARATION OF DWAYNE TURNER IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

08-Civ.-01576 (LAK)(HBP)

        **Dwayne Turner,** declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        1.     I am an Executive Agency Counsel/Chief Privacy Officer with the New York City Department of Health and Mental Hygiene ("DHMH"). I am assigned to the Legal Division where I have held this position for one year. My responsibilities include: providing legal advice to all agency programs and staff on a wide variety of legal issues; serving as a consultant to other agency attorneys advising on confidentiality and privacy matters; developing and overseeing agency-wide information confidentiality programs and policy; and leading a team of confidentiality coordinators placed throughout the agency. As Executive Agency Counsel/Chief Privacy Officer, I am one of the DHMH employees responsible for securing, managing, and maintaining the litigation files of the DHMH. This declaration is based on my personal knowledge as well as the books and records of DHMH. I submit this declaration in support of defendant Friedan's motion for summary judgment.

        2.     Under my supervision, a search was conducted on or about June 24, 2008, for the exhibits submitted by the DHMH at the Administrative Hearing of infant plaintiff held on

July 16, 2007, July 30, 2007, August 6, 2007, September 24, 2007, October 2, 2007, and October 25, 2007 before Administrative Law Judge Kimberly A. O'Brien.

3. After locating the DHMH litigation file pertaining to infant plaintiff, the file documents were copied and forwarded to the Office of the Corporation Counsel of the City of New York, which is representing defendant, Thomas R. Frieden, Commissioner of the DHMH, in this matter.

4. Included within the DHMH's litigation file are the following documents, numbered as they were presented at the administrative hearing, which are annexed hereto as Exhibits "1," through "16":

| Exhibit | Description |
|---|---|
| Exhibit "1" | The notes of Elizabeth Placido, infant plaintiff's initial service coordinator. |
| Exhibit "2" | The resume of Cheryl Dombrowski. |
| Exhibit "3" | An email from parent plaintiff L.G. and Cheryl Dombrowski dated November 15, 2008 at 6:42 am. |
| Exhibit "4" | Theracare's schedule for infant plaintiff. |
| Exhibit "5" | Lovass Instructional Document (Objection Sustained). |
| Exhibit "6" | Kagari article (Objection Sustained). |
| Exhibit "7" | Resume of Evelyn Arias. |
| Exhibit "8" | Resume of Jeannette Gong. |
| Exhibit "9A" | Clinical Practice Guideline – Technical Report. |
| Exhibit "9B" | Report of Recommendations for Autism & PDD. |
| Exhibit "9C" | Quick Reference Guide for Parents & Professionals. |
| Exhibit "10" | State Department of Health Early Intervention Guidance Memo #2005-2. |
| Exhibit "11" | September 28, 2006 Letter sent to plaintiffs upon referral and accompanying documents. |

Exhibit "12"   Parents Guide to Early Intervention Program.

Exhibit "13"   Resume of Dr. Prashil Govind.

Exhibit "14"   Resume of Nichole Aiello.

Exhibit "16"   Nichole Aiello Emails.

5. These documents were submitted at the Administrative Hearing of July 16, 2007, July 30, 2007, August 6, 2007, September 24, 2007, October 2, 2007, and October 25, 2007 before Administrative Law Judge ("ALJ") Kimberly A. O'Brien. All of these documents are admissible evidence because they are either maintained in the ordinary course of defendant's business, or publicly available documents, or excerpts from the deposition testimony of the parties and witnesses taken in this action. They are also admissible because the reviewing Court of an Individuals with Disabilities Education Act appeal "shall receive the records of the administrative proceedings," when making a determination as to the accuracy of the ALJ's decision. *See 20 U.S.C. § 1415(i)(2)(C)(i).*

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         July 30, 2008

                                                    _____
                                                    DWAYNE TURNER